Dear Dr. Antonio:
This is in response to a request from your predecessor for an opinion concerning the following question:
 "Should expenses incurred by the Director of the Division of Insurance and other salaries employees of the division in conducting examinations be paid by insurance companies directly to the director or other salaries employees or should the insurance companies pay such amount to the state and the director or other salaried employees be reimbursed by the state?"
We understand from the request that the Director of the Division of Insurance and other salaried employees of the Division sometimes participate in the examination of insurance companies. In such instances the expenses incurred by the Director or other salaried employees are paid by the insurance company directly to the Director or other salaried employees.
Section 374.160, RSMo 1969, provides as follows:
 "All the expenses of the insurance division now or hereafter incurred and unpaid, or that may be hereafter incurred including the salaries of the superintendent and deputy superintendent, except the expenses of examinations, valuations or proceedings against any company, and for winding up, dissolving or settling the affairs of companies, which expenses are to be paid by the company, or as provided by the law, shall be paid monthly out of the amount appropriated by law from the insurance division fund, on warrants issued upon such fund by the state auditor on vouchers approved by the superintendent and comptroller. The state shall not be responsible in any manner for the payment of any such expenses, or of any expenses of this division, or any charges connected therewith."
Section 374.220.1, RSMo 1969, provides:
 "The expenses of proceedings against insurance companies, and examinations of the assets or liabilities and valuations of policies of insurance companies doing business in this state, shall be assessed by the superintendent upon the company proceeded against or examined, or whose policies have been valued, and shall be in the first instance paid by such company, on the order of the superintendent, directly to the person or persons rendering the service."
Section 374.220.4, RSMo 1969, provides:
 "When any examination or valuation is made by the superintendent in person or by any salaried employee of the division of insurance, the cost of making the same shall be certified to the collector of revenue for collection."
Section 1.090, RSMo 1969, requires, as a rule of construction, that words and phrases shall be taken in their plain or ordinary and usual sense. The object is to ascertain the intent of the legislature when examining the words of the statute. In the construction of legislative enactments, the intent of the legislature controls. It is our obligation to ascertain legislative intent as the primary goal and to give effect to the legislative intent expressed in the statute. State ex rel. Ashcroft v. Union ElectricCompany, 559 S.W.2d 216 (Mo.Ct.App. at K.C. 1977); Mark Twain CapeGirardeau Bank v. State Banking Board, 528 S.W.2d 443 (Mo.Ct.App. at St.L. 1975).
The plain language of the above-cited sections clearly indicates that the cost of the examination incurred by the Director of the Division of Insurance or other salaried employees of the Division should be paid to the Collector of Revenue. Such cost should not be paid to the Director of the Division of Insurance or to his salaried personnel.
Very truly yours,
 JOHN ASHCROFT Attorney General